NO. 07-09-00284-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 



AUGUST
17, 2010

 



 

DUSTIN SEXTON, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE COUNTY COURT AT LAW NO. 2
OF LUBBOCK COUNTY;

 

NO. 2009-453,856; HONORABLE DRUE FARMER, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and HANCOCK, JJ.

 

 

 

MEMORANDUM OPINION

 

Appellant Dustin Sexton appeals from
his conviction for domestic violence assault and the resulting sentence of 365
days in the Lubbock County Jail, suspended in favor of community supervision
for a period of twenty-four months. 
Through one issue, appellant contends the trial court erred in admitting
testimony concerning statements made by the victim.  We disagree and affirm the judgment of the
trial court.

 

 

 

 

Background

            Appellant
was charged by information with intentionally, knowingly or recklessly causing
bodily injury to a female victim, his girlfriend.[1]  Appellant plead not guilty and the case was tried to a jury.

            Appellant
does not challenge the sufficiency of the evidence to support his conviction,
so we will recite only those facts necessary to disposition of his appellate
issue.  Appellant’s girlfriend called
911, reporting a domestic disturbance. 
When a Lubbock police officer responded to her 911 call, the victim
answered the door.  She had what the
officer believed to be streaked blood on her cheek and dried blood around her
mouth.  The victim told the officer she
and appellant had fought.  Appellant, she
said, pulled her hair, punched her, and threw her on
the floor.  

            Some time after these events, the victim completed and
signed an affidavit of non-prosecution provided her by appellant’s
counsel.  During the week before
appellant’s case was to go to trial, the victim met with a prosecutor.  She testified she told the prosecutor during
that meeting that what she told the officer the night of the alleged assault
was not true.  The State offered her
immunity.    

            At trial, the State’s case included the
victim’s 911 call, which was played to the jury over appellant’s objection.  In the call, the victim implicated appellant
as the cause of her injuries.  

            The State also called the victim to testify.  She first asserted her Fifth Amendment
rights, but then testified under the State‘s court-approved grant of use
immunity.  On the stand, she recanted her
accusations that appellant caused her injury. 
She acknowledged telling the officer appellant did so, but testified that
was not true.  Her testimony was that she
and appellant argued, and appellant tried to leave the apartment.  She injured her mouth
when appellant was walking out the door and she “grabbed onto his arm and he
was pulling outside of the door, and I was trying to pull him back in.  My hand let loose, and I hit myself in the
mouth.”  

            The officer also testified, recounting the victim’s
statements to him after her 911 call. 
Appellant objected to the State’s questioning of the victim and officer
about her statements implicating him as the cause of her injuries.

            The jury found appellant guilty and assessed punishment
against him as noted. This appeal followed.

Analysis

            When reviewing a trial court's decision to
admit or exclude evidence, we apply an abuse-of-discretion standard. Ramos v.
State, 245
S.W.3d 410, 417-18 (Tex.Crim.App. 2008). The trial court does not abuse its
discretion unless its ruling lies "outside the zone of reasonable
disagreement." Walters
v. State, 247
S.W.3d 204, 217 (Tex. Crim. App. 2007).

Appellant contends the trial
court abused its discretion by admitting the 911 call, the victim’s testimony
concerning her statements to the police officer and the officer’s testimony
concerning her statements, because the evidence should have been excluded under
the analysis discussed in Hughes
v. State, 4 S.W.3d 1 (Tex.Crim.App.
1999).[2]  The court there held that despite the
evidentiary rule permitting parties to impeach their own witnesses, a trial
court may abuse its discretion under Rule of Evidence 403 if it allows the
State to introduce impeachment evidence for the primary purpose of placing
before the jury evidence that otherwise was inadmissible.  Id. at 5.  In such
instances, the prejudicial effect of the ostensible impeachment evidence will
substantially outweigh its probative value because it is useful to the State
only if the jury misuses it by considering it for its truth.  Id.    

            Appellant points out the State
called her as its witness despite her execution of the affidavit of
non-prosecution and her statement to the prosecutor the week before trial
recanting her accusations against appellant, and argues the State’s grant of
immunity and statements to the jury panel demonstrate it knew she would testify
contrary to its case.  Appellant further
argues the State put her on the stand for the purpose of laying the predicate
for her prior inconsistent statements to impeach her.  The State responds with several reasons it
contends appellant’s argument lacks merit. After review of the record, we
conclude we need address only one of the State’s contentions.  We agree with the State the challenged
evidence was admitted for purposes other than impeachment, and find that
appellant has not contended on appeal that such admission was improper.  Accordingly, the Hughes rule has no application here at all.  

In
response to appellant’s hearsay objections to the 911 call recording, the
State’s questioning of the victim about her statements to the officer, and the
State’s questioning of the officer about the victim’s statements, the State
argued that all were admissible as excited utterances.[3]  The court overruled appellant’s objections,
and the evidence was admitted without limiting instructions.[4]  On appeal, appellant does not challenge the
applicability of the excited utterance exception to the hearsay rule.  The court heard testimony
from which it reasonably could have concluded the victim’s statements, both in
the 911 call and during her conversation with the officer, related to a
startling event and were made while she was under the stress of excitement
caused by the event.  Tex.
R. Evid. 803(2); see Dixon v. State, 244 S.W.3d 472, 485-86 (Tex.App.—Houston
[14th Dist.] 2007, pet. ref’d) (911 call
as excited utterance); Salazar v. State,
38 S.W.3d 141, 154 (Tex.Crim.App. 2001) (statement
attributing injury to defendant as excited utterance).  

The
Rule 403 analysis described in Hughes
applies to otherwise inadmissible evidence admitted under the guise of
impeachment.  Hughes, 4 S.W.3d at 5.  The trial court’s unchallenged apparent
conclusion the evidence in question here was not “otherwise inadmissible” takes
appellant’s complaint outside the scope of Hughes.  

 

 

Appellant’s
issue is overruled, and the trial court’s judgment is affirmed.

 

 

 

 

                                                                                                James
T. Campbell

                                                                                                            Justice

 

Do
not publish.











[1]   See Tex. Penal Code Ann.
§ 22.01(a)(1) (Vernon 2009); Tex. Fam. Code Ann. §
71.004 (Vernon 2001).





[2] Appellant relied also
on Barley v.
State, 906 S.W.2d 27, 37 (Tex.Crim.App. 1995) and Pruitt
v. State, 770 S.W.2d 909, 911 (Tex.App.—Fort
Worth 1989, pet. ref’d). 





[3] The State argued
also that the victim’s statements to the officer were admissible under Rule of
Evidence 803(3) as statements of her state of mind. 

 





[4] Appellant sought a
limiting instruction at trial but it was denied and its denial is not asserted
as error on appeal.